United States Court of Appeals

For the Eighth Circuit

_____

No. 15-2988
_____

Luis Herrera

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City
_____

Submitted: June 14, 2016
Filed: July 15, 2016
_____

Before MURPHY and SHEPHERD, Circuit Judges, and PERRY,[1] District Judge.
_____

MURPHY, Circuit Judge.

Luis Herrera pled guilty to five counts of distributing pure methamphetamine and one count of conspiring to distribute 50 grams or more of pure methamphetamine within 1000 feet of a playground or school. See 21 U.S.C. § 841(b)(1)(A)(viii). The

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

district court[2] sentenced Herrera to 120 months imprisonment, which he challenges in his 28 U.S.C. § 2255 petition. Herrera alleges that he is not subject to the ten year mandatory minimum sentence under § 841(b)(1)(A)(viii) because his counsel failed to challenge the quantity and purity of methamphetamine he sold. The district court denied Herrera's petition, and we affirm.

Herrera's convictions were based on five controlled buys of methamphetamine. On July 29, 2010 Herrera sold approximately 8.5 grams of a mixture or substance containing about 7 grams of pure methamphetamine. On August 17, 2010 he sold approximately 6.5 grams of a mixture or substance containing about 4.6 grams of pure methamphetamine. These two drug transactions occurred within 1000 feet of The Boys and Girls Home playground in Sioux City, Iowa, and three others occurred within 1000 feet of St. Michael's School and Leeds Playground in Sioux City. Herrera sold approximately 22.1 grams of a mixture or substance containing about 18.2 grams of pure methamphetamine on August 26, 2010, approximately 16.1 grams of a mixture or substance containing about 16 grams of pure methamphetamine on October 20, 2010, and 48.3 grams of a mixture or substance containing about 41.7 grams of pure methamphetamine on February 15, 2011.

The district court sentenced Herrera to 120 months imprisonment because under 21 U.S.C. § 841(b)(1)(A)(viii) the distribution of "50 grams or more of methamphetamine," or "500 grams or more of a mixture or substance containing . . . methamphetamine," is subject to a ten year mandatory minimum sentence. The district court calculated that Herrera had cumulatively distributed at least 50 grams of pure methamphetamine from April 2010 to February 2011, within 1000 feet of a playground or school.

---

[2]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Herrera filed a motion to vacate or correct his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel because his attorney had not challenged the government's calculation of the pure methamphetamine he had sold. The district court denied Herrera's habeas petition but granted a certificate of appealability. Herrera appeals, claiming that his counsel failed to argue that he is not subject to the ten year mandatory minimum because the 50 gram provision in § 841(b)(1)(A)(viii) does not apply to mixtures which contain a portion of pure methamphetamine.

We review the district court's denial of a habeas petition de novo for its legal conclusions and for clear error as to its findings of fact. See White v. Dingle, 757 F.3d 750, 752 (8th Cir. 2014). To prevail on a claim of ineffective assistance, Herrera must show that his counsel's performance was deficient and that it prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Every circuit to consider the issue has concluded that the statutory language "50 grams or more of methamphetamine" in § 841(b)(1)(A)(viii) applies when a defendant possesses a mixture or mixtures which contain 50 grams of pure methamphetamine. See United States v. Villegas, 554 F.3d 894, 900–01 (10th Cir. 2009) (collecting cases). The sentencing guideline commentary further supports this analysis. In U.S.S.G. § 2D1.1, pure or actual methamphetamine is defined as "the weight of the controlled substance, itself, contained in the mixture or substance." See U.S.S.G. § 2D1.1, cmt. n.(B) to Drug Quantity Table. Thus, "a mixture weighing 10 grams containing [methamphetamine] at 50% purity contains 5 grams of [pure methamphetamine]." See id.; United States v. Mesner, 377 F.3d 849, 853, n.1 (8th Cir. 2004).

Here, Herrera pled guilty to distributing mixtures which in total contained 87.5 grams of pure methamphetamine. Herrera shows no authority supporting his argument that the mandatory minimum does not apply to him, or that his counsel was deficient in failing to dispute the government's calculation of pure methamphetamine he distributed.

For these reasons we affirm the district court's judgment denying Herrera's habeas petition.

———————————————————